IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE L. BLANKENSHIP,
    Plaintiff,

vs.                                          Case No.: 3:12cv48/MCR/EMT

JUDGE JOHN L. MILLER,
    Defendant.
_____

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to Title 28 U.S.C. § 1331 or § 1346 (doc. 6).  The filing fee has been paid (doc. 1).

    In this case, as in a case previously filed in this court 3:11cv172/MCR/EMT, Plaintiff sues a state judicial officer, with the primary basis of his claim being his dissatisfaction with the outcome of state court proceedings. The lone Defendant in this action is Santa Rosa County Circuit Judge John L. Miller, who presided over a case Plaintiff filed in that court.  Plaintiff asserts that Judge Miller denied him his "right" to oral argument under Florida Rule of Appellate Procedure 9.320, failed in his duty to make the "right" decision, and failed to correct decisions that were "apparent to any reasonable person" even after they were brought to the attention of the court (doc. 6 at 4). Plaintiff concludes as a result of this that Judge Miller "is on a mission that has nothing to do with the job the law mandates him to perform his duties," and he should not be entitled to the protection of judicial immunity (*id.* at 4–5).  He then states that Judge Miller and other Circuit Appellate Judges recused themselves from hearing Plaintiff's appeal as a result of a complaint he filed with the Judicial Qualification Commission about another jurist in that court (*id.* at 5).  This, Plaintiff contends, has resulted in a denial of access to the courts.  He asserts that Judge Miller violated his

rights under the First, Fifth, Seventh, Ninth and Fourteenth Amendments of the United States Constitution, and he seeks $100,000.00 in damages.

To the extent Plaintiff seeks appellate review of anything that occurred in state court, including decisions made or orders rendered by Judge Miller, this court has no jurisdictional authority to do so. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The principles espoused in the Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486). Furthermore, under the Rooker-Feldman doctrine, a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.'" Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (citing Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988) (quoting Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983)). A federal claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Datz, 51 F.3d at 253–54 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so. Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1545 & n.4 (11th Cir. 1990) (citing Wood, 715 F.2d at 1546–47). Plaintiff does not indicate that he appealed or sought any further review in state court before filing the instant case. He also does not suggest that any federal claims were raised in state court, and therefore under

Rooker-Feldman this court lacks jurisdiction to review Judge Miller's decisions or any other state court judgment.

Additionally, as Plaintiff was previously advised (*see* doc. 4), his claim for damages cannot stand because Judge Miller is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii). Judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sibley v. Lando, 437 F.3d 1067,1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Sibley, 37 F.3d at 1070. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)); Mireles, 502 U.S. at 11, 112 S. Ct. at 288 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Sibley, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)); Mireles, 502 U.S. at 11, 112 S. Ct. at 288; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988); Dykes, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal


jurisdiction retains immunity) (citing cases in accord).  No such allegations are present here and, therefore, immunity is retained.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be dismissed because this court lacks jurisdiction to conduct appellate review of orders entered in the state court proceedings, and because Defendant Judge John L. Miller is immune from suit.

At Pensacola, Florida this 21st day of February 2012.

>  */s/ Elizabeth M. Timothy*  
> **ELIZABETH M. TIMOTHY**  
> **UNITED STATES MAGISTRATE  JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**